**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN STROM,<br><br>　　　　　Plaintiff,<br>v.<br><br>LOCKWOOD BOAT WORKS INC.,<br><br>　　　　　Defendant. | Civil Action No. 24-09179 (RK) (RLS)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon *pro se* Plaintiff Brian Strom's ("Plaintiff") Motion to Remand. ("Motion," ECF No. 4.) Defendant Lockwood Boat Works Inc. ("Defendant") opposes the Motion.[1] ("Opposition," ECF No. 8.) The Court has considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Plaintiff's Motion (ECF No. 4) is **GRANTED**.

I.　**BACKGROUND**

Defendant has brought to federal court an action Plaintiff sought to resolve for less than $5,000 in Small Claims Court concerning damage to his boat. On July 26, 2024, Plaintiff, proceeding *pro se*, filed a one-page form "Small Claims Complaint" against Defendant in the Superior Court of New Jersey, Law Division, Special Civil Part, Small Claims Section in Middlesex County. (*See* "Complaint," ECF No. 1-1.) The allegations in the Complaint are brief:

---

[1] Plaintiff requested the opportunity to file a reply brief (ECF No. 9), and the Court permitted Plaintiff to file his reply by December 12, 2024. (ECF No. 10.) That deadline passed, and to date, Plaintiff has not submitted a reply brief.

> Paid $3,888.96 for winter storage and to winterize boat. Boat was launched and immediately was leaking water thru [sic] the sea strainers. Lockwood cracked the tops of these strainers and bent/broke the top brackets that sealed the strainers. This caused 100% of the damage. Boat worked perfect when it was dropped off in October. The claim adjuster for my Insurance Company said "he was best friends with the Lockwood brothers" who own Lockwod [sic] Boat Works. Lockwood ran up the bill knowing the Insurance Company would pay most of the costs. I lost 1/2 of the summer waiting for my boat to be fixed.

(*Id.*) Plaintiff demanded $4,181.33 "plus costs." (*Id.*)

According to the Removal Notice (ECF No. 1), Defendant was served the Complaint on August 17, 2024. (*See* Removal Notice ¶ 4.) Thereafter, on September 14, 2024, Defendant removed the action to this Court, alleging that "[t]he United States District Court for the District of New Jersey has jurisdiction by reason of the Application of General Maritime Law of the United States within the meaning of 28 U.S.C. Sec. 1292(a)(3) in that the Action arises under the Laws of the United States, as appears from the Complaint." (*Id.* ¶ 3.) That same day, Defendant also filed an Answer to the Complaint and brought counterclaims against Plaintiff for defamation and abuse of process. (*See* ECF No. 1-2.)

On October 13, 2024, Plaintiff filed the instant Motion, arguing that because "the damage at issue occurred wholly on land," "federal admiralty law does not apply." (Motion at 1.) Further, "[t]his dispute involves basic principles of negligence, breach of contract, and property damage—claims that are properly adjudicated under state law." (*Id.* at 4.) Defendant opposed the Motion, arguing that "federal admiralty law unequivocally dictates that repairs and maintenance supplied to recreational vessels is governed by federal admiralty law, and not state law." (Opposition at 4.)

## II.     LEGAL STANDARD

A defendant may remove to federal court a civil action originally filed in state court if the federal court may exercise original jurisdiction over the matter. 28 U.S.C. § 1441(a). District courts shall have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties

2

of the United States," (also known as federal question jurisdiction), and "of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States . . ." (also known as diversity jurisdiction). 28 U.S.C. §§ 1331, 1332(a).

After removal, a plaintiff may move to remand the case if the removal was defective or the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Under 28 U.S.C. § 1447(c), a case removed to federal court shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." The party that removed the case bears the burden of establishing jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). The removal statute is "strictly construed against removal and all doubts should be resolved in favor of remand." *Id.* (citation omitted).

### III. DISCUSSION

Defendant's removal is based on the faulty premise that simply because an action invokes issues lying in admiralty, that action must be heard by a federal court. *See Dao v. Knightsbridge Int'l Reinsurance Corp.*, 15 F. Supp. 2d 567, 571 (D.N.J. 1998) ("The removal of this action was procedurally defective because there was no basis for federal subject matter jurisdiction other than admiralty jurisdiction . . ."). However, 28 U.S.C. § 1333(1) states in full, "The district court shall have original jurisdiction, exclusive of the courts of the States, of . . . Any civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled.*" *Id.* (emphasis added). This "saving to suitors" clause "establishes concurrent jurisdiction between United States district courts and state courts . . . [t]hus [providing] plaintiffs [with] the option of filing their claims in federal court under admiralty jurisdiction, in federal court on the 'law' side, or in state court." *Sea-Land Serv., Inc. v. J & W Imp./Exp., Inc.*, 976 F. Supp. 327, 330 (D.N.J. 1997) ("In other words, admiralty, in and of itself, does not create federal question

3

jurisdiction so that a claim filed in state court can be removed to a district court"). "This rule 'effectively provides a plaintiff who has an *in personam* claim the choice of proceeding in an ordinary non-removable civil action in a state or federal court, rather than bringing a [suit] in admiralty in federal court.'"[2] *White v. Donjon Shipbuilding & Repair, LLC*, No. 15-215, 2016 WL 900155, at *3 (W.D. Pa. Feb. 24, 2016), *report and recommendation adopted sub nom. White v. Donjohn Shipbuilding & Repair, LLC*, No. CV 15-215, 2016 WL 1030031 (W.D. Pa. Mar. 9, 2016) (quoting 14 Fed. Prac. & Proc. Jurisdiction § 3672 (4th ed.)).

Defendant's recitation of 28 U.S.C. 1333 conveniently excises the "saving to suitors" clause, hiding it with a too-clever-by-half-placed ellipses:

> **§ 1333. Admiralty, maritime and prize cases**
>
> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
> (1) Any civil case of admiralty or maritime jurisdiction
> . . .

(Opposition at 5.) "[P]ermitting the unfettered removal of admiralty cases to federal courts 'would make considerable inroads into the traditionally exercised concurrent jurisdiction of the state courts in admiralty matters.'" *Sea-Land Serv., Inc.*, 976 F. Supp. at 330 (quoting *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 372 (1959)). Defendant does not cite any basis other than admiralty for its removal to this Court. Plaintiff has made clear that his *in*

---

[2] The Supreme Court has explained:

> If the cause of action be one cognizable in admiralty, *and* the suit be *in rem* against the thing itself, though a monition be also issued to the owner, the proceeding is essentially one in admiralty. If, upon the other hand . . . the suit be *in personam* against an individual defendant . . . it is essentially a proceeding according to the course of the common law, and within the saving clause of the statute . . . of a common-law remedy.

*Knapp, Stout and Co. v. McCaffrey*, 177 U.S. 638, 648 (1900) (italics in original). Plaintiff's claims against Defendant—which are not "against" a vessel, but rather, a company—clearly fall within the "saving to suitors" clause.

*personam* claims only involve "basic principles of negligence, breach of contract, and property damage—claims that are properly adjudicated under state law." (Motion at 4.) Indeed, a review of Plaintiff's brief Complaint reveals no reference to this Court's admiralty jurisdiction or invocation of Federal Rule of Civil Procedure 9(h). (*See generally* Complaint); *see* Fed. R. Civ. P. 9(h) ("If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim . . ."). Defendant also does not invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332(a), nor can it—the amount in controversy is too small, and both parties are citizens of New Jersey. (*See* ECF No. 1-2 ¶¶ 1, 2.)

Plaintiff sought to bring his claims in Small Claims Court, and pursuant to the "saving to suitors" clause of 28 U.S.C. § 1331(1), he is entitled to have his claims heard there. Defendant's attempts to hinder *pro se* Plaintiff's efforts to seek relief by filing an improper Removal Notice and obscuring the relevant law to this Court have failed. This action will be remanded, and for the avoidance of doubt, the Court will not exercise supplemental jurisdiction over Defendant's counterclaims for defamation and abuse of process pursuant to 28 U.S.C. § 1367.

Therefore, **IT IS** on this 14th day of January, 2025, **ORDERED** that:

1. Plaintiff's Motion to Remand (ECF No. 4) is **GRANTED**;

2. The Clerk of the Court is directed to **REMAND** this matter to the Superior Court of New Jersey, Law Division, Special Civil Part, Small Claims Section, Middlesex County;

3. The Clerk of the Court is directed to **CLOSE** this case; and

4. The Clerk of the Court is directed to mail a copy of this Memorandum Order to Plaintiff's address on record via regular U.S. mail.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**